## CLEMENT *v.* FIELD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 111. Submitted January 3, 1893. — Decided January 30, 1893.

In Kansas, in an action of replevin to enforce a chattel mortgage of a machine sold to the defendant by the plaintiff, and mortgaged back to secure the purchase money, the defendant may set up, as a defence, failure of the machine to do the work guaranteed and damage to him from delay in the delivery; and if the jury pass upon these issues, the judgment on their verdict is a bar to a subsequent action by the purchaser of the machine against the vendor, to recover damages for such failure and such delay.

*Gardner* v. *Risher*, 35 Kansas, 93, distinguished from *Kennett* v. *Fickel*, 41 Kansas, 211.

THIS action was commenced in the District Court of Rice County, Kansas, August 10, 1885, by the plaintiffs in error, and in the following month, after the pleadings were filed, was removed into the Circuit Court of the United States for the District of Kansas. The essential averments of the petition are that on or before June 22, 1883, W. P. Clement, M. B. Clement, and Charles Eustis, partners doing business under the firm name of Clement, Eustis & Co., were engaged in raising sorghum cane, and manufacturing sugar and molasses therefrom, in Rice County, Kansas, and that J. A. Field and Alexander McGee, of St. Louis, Missouri, partners doing busi-

ness under the firm name of J. A. Field & Co., were engaged in making cane mills; that on or about that date Clement, Eustis & Co., the plaintiffs, employed J. A. Field & Co., the defendants, to make for them a certain kind of cane mill, to be delivered on board the cars in St. Louis on or before August 1, 1883, and agreed to pay for the same the sum of $1850 — $500 cash in hand, $500 on November 1, 1883, and $850 on November 1, 1884, with interest at six per cent per annum on the second deferred payment from the said date of shipment, and that promissory notes were given by the plaintiffs for the deferred payments, secured by a chattel mortgage on the mill. The plaintiffs averred that the defendants warranted the mill to be as good and to be capable of doing as much work and as good work as any mill made, and promised, in case of its failure to operate as warranted, to replace it at their own expense with a mill that would so operate, or refund the purchase money; that the mill proved not to be as warranted; that the defendants failed, neglected and refused to perform their contract regarding the said warranty, and that the mill was not delivered on board the cars in St. Louis until August 15, 1883, by reason of which delay, as well as by the said breach of warranty, the plaintiffs were deprived of profits which they should have realized, and were compelled to incur certain expenses, whereby they sustained damages which they sought in the action to recover.

The answer denied generally the averments of the petition, and contained several special defences, one of which was, that on October 2, 1884, the said defendants brought an action against the said plaintiffs in the Circuit Court of the United States for the District of Kansas, to recover possession of the said mill, alleging that they were entitled thereto by reason of an alleged breach of the conditions of said chattel mortgage, and that their interest in the mill amounted to the value of the said promissory notes, with interest, or $1450; that the plaintiffs filed an answer to that petition, alleging that the defendants had no interest in the mill, and that nothing was due on account of the notes for the reason that the mill was not shipped on August 1, 1883, and that it did not prove to be

as warranted, whereby the defendants became liable to the plaintiffs for damages in a sum greater than the amount of the notes and interest, and asking that the alleged damages might be set off against the notes and interest, and that the plaintiffs might have judgment for such balance over the amount of the defendants' claim.

The answer averred that the action of replevin was tried upon its merits before the court and a jury; that the jury found that the defendants were entitled to possession of the mill, and that the value of their interest therein was $1151.20; that, in accordance with the verdict, judgment was duly entered, and that by reason thereof the plaintiffs had had a former recovery against the defendants upon the cause of action set out in the petition to which the answer is addressed.

The reply of the plaintiffs admitted that the defendants brought the action of replevin, and that the plaintiffs appeared therein and sought to have judgment for their damages sustained by reason of the said breach of contract and warranty, but averred that they were not permitted by the court to make such defence to the action, and that their damages were not therein adjudicated.

The case came on for trial December 7, 1887, in said Circuit Court of the United States, and, a jury being waived, was tried by the court. The defendants produced for the inspection of the court the record in the replevin action, and offered other evidence, which, in the opinion of the court, showed that the property sought to be recovered in that action was the same property mentioned in the petition in the present case; that the notes and chattel mortgage in the action of replevin were the same notes and mortgage described in the said petition; that the claims for damages in that action were based upon the same grounds as the causes of action set out in the said petition; that the replevin action was tried upon its merits and submitted to a jury upon the evidence and the instructions of the court, and determined as stated in the answer in the present suit; that the defendants in that action (plaintiffs in this case in the court below) introduced evidence tending to establish their said claim for damages, and that

none of the evidence offered in support of such claim for damages was ruled out by the court or excluded from the jury.

The court thereupon decided that the plaintiffs had had a former recovery against the defendants upon the cause of action set up and tried in the replevin proceedings; that the proceedings and judgment therein constituted a complete bar to the plaintiffs' cause of action herein, and gave judgment for the defendants.

The plaintiffs then moved for a new trial. This motion was overruled, whereupon they brought the case before this court upon a writ of error.

*Mr. A. B. Jetmore* and *Mr. A. P. Jetmore* for plaintiffs in error.

The evidence offered by the defendants below upon their plea of former recovery, under the fourth defence of their answer, constitutes no bar to the right of recovery of the plaintiffs in error. The most that can be claimed, if anything, is, that it constitutes only a partial bar. *Spencer* v. *Dearth,* 43 Vermont, 98, 105. The rule of *res judicata* is, that if a fact has been once directly tried and determined by a court of competent jurisdiction, the same parties cannot properly be again allowed to contest the same matters, either in that court or any other. *Holcomb* v. *Phelps,* 16 Connecticut, 127, 131; *Johnson* v. *White,* 13 Sm. & Marsh. 584. But this rule does not apply to matters which come only collaterally under consideration, or are only incidentally considered, or can only be argumentatively inferred from the judgment. *Hopkins* v. *Lee,* 6 Wheat. 109.

The jury in the replevin action may have found a verdict in favor of the defendants below without considering the question of damages. *Bullen* v. *Shannon,* 14 Gray, 433, 439; *Wood* v. *Jackson,* 8 Wend. 1; *Aiken* v. *Peck,* 22 Vermont, 255; *Smith* v. *Weeks,* 26 Barb. 463; *Ridgley* v. *Stillwell,* 27 Missouri, 128; *Washington Steam Packet Co.* v. *Sickles,* 24 How. 333; *Lawrence* v. *Hunt,* 10 Wend. 80; *S. C.* 25 Am. Dec. 539; *Norton* v. *Huxley,* 13 Gray, 285; *Finley* v. *Hanbest,* 30 Penn. St. 190.

The fact that the defendants in the replevin action set up specially breaches of contract and of warranty, and asked damages therefor, did not entitle them to any affirmative relief, or any relief. The same evidence was admissible for the defendants below under the general denial of their answer in said replevin action. It is only the matter upon which the plaintiffs prevailed in their replevin action, to wit, the possession of the property under the chattel mortgage, that was in issue. *Bailey* v. *Bayne*, 20 Kansas, 657; *White* v. *Gemeny*, 47 Kansas, 741.

Whether the action of the plaintiffs in error is necessarily barred by the result of the replevin action, would seem to depend upon whether, if both actions had been brought simultaneously, one could have been pleaded in abatement of the other; for, if it could not, they cannot be regarded as absolutely identical in law.

The defendants in error, in their brief of points and authorities, lay down the following proposition : " The defendants in an action of replevin, brought by plaintiffs to enforce a special lien against property covered by chattel mortgage given to secure part of the purchase-money, may, when plaintiffs sold said property with a warranty to defendants, if there has been a breach of said warranty, plead the same as a set-off, and recoup damages in reduction of plaintiffs' special claim upon such property ; and if such damages equal plaintiffs' claim, it will defeat their recovery."

To sustain the above, they cite and urge the case of *Gardner* v. *Risher*, 35 Kansas, 93. That case, while it seems to partially sustain the contention of the defendants in error, it will be remembered, was decided by a divided court. Mr. Justice Johnston in that case dissented from the majority of the court, and insisted that a replevin action is in the nature of a tort, and that a set-off can only be pleaded in an action founded on contract.

That court, in the case of *Kennett* v. *Fickel*, 41 Kansas, 211, has adopted the doctrine announced by Mr. Justice Johnston in his dissenting opinion above referred to. The court in that case lays down the following doctrine, Mr. Justice Johnston

delivering the opinion of the court: "The court ruled correctly in striking this count from the answer. The second cause of action, setting forth a set-off, cannot be pleaded as a defence in an action of replevin. Such an action is founded upon the tort or wrong of the defendant, and not upon contract; and § 98 of the code specifically provides that ' a set-off can only be pleaded in an action founded on contract.' If either of the parties named owned and had the right of possession to the property, and the plaintiff wished to rely upon that fact, he could have shown it under the general denial. *Wilson* v. *Fuller*, 9 Kansas, 176; *Yandle* v. *Crane*, 13 Kansas, 344; *Bailey* v. *Bayne*, 20 Kansas, 657; *Holmberg* v. *Dean*, 21 Kansas, 73."

*Mr. Seneca M. Taylor* for defendants in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

This was an action to recover damages for an alleged breach of warranty, and we are called upon to consider the legal effect of a plea to the action, setting up a former recovery by the plaintiffs.

The transaction out of which the controversy arose was a sale by J. A. Field & Co., defendants in error, to Clement, Eustis & Co., plaintiffs in error, of a cane mill for the sum of $1850, whereof $500 was payable in cash, and the rest in notes secured by a chattel mortgage on the mill. One of the terms of the sale was a warranty by the vendors that the mill would do as good work as any other mill for a similar purpose, and should be of good material and workmanship.

Payment of the notes not having been made, J. A. Field & Co. brought an action of replevin, under the provisions of the chattel mortgage, to recover possession of the mill, or, in default of recovering actual possession, to recover a money judgment for the unpaid purchase money, amounting to $1350 with interest. To the declaration in replevin, Clement, Eustis & Co. pleaded that, by reason of delay in deliver-

ing the mill and of its failure to come up to the terms of the warranty, they had been damaged in an amount largely in excess of the unpaid purchase money.

The issue thus raised was submitted to a jury, with the following instructions :

" The defendants' damages would be, if entitled to damages, the whole of the cane lost by the delay caused by plaintiffs' fault and failure of the mill to work up to its capacity, and also the loss of juice during that time caused by the fault of the mill in not properly pressing it from the cane, and any expenses incurred in repairs.

" And should you find damages for defendants, and that such damages equalled or exceeded the entire debt due on the mill, then you will find for the defendants.

" If you find damages, but they do not equal plaintiffs' debt, then you will find for plaintiffs and state the value of plaintiffs' interest in the mill, which would be their debt and interest, less the damages."

Under these instructions the jury found for the plaintiffs, and assessed the value of the plaintiffs' special interest in the property at the sum of $1151.20.

As the amount of plaintiffs' unpaid purchase money, at the time of the trial, was $1350 with interest, it is obvious that the jury allowed the defendants, as a set-off, damages in an amount of between two hundred and three hundred dollars.

Subsequently, Clement, Eustis & Co. brought the action which is now before us, claiming damages in a large sum of money arising out of an alleged delay in the delivery of the mill, and by reason of an alleged breach of the warranty that the mill would do its work as well as any other mill, and be of good material and workmanship.

To this action, J. A. Field & Co., the defendants therein, pleaded a former recovery by Clement, Eustis & Co., in that in the previous suit in replevin, they had set up the same claims for damages asserted in the present action, and had been allowed credit for them by the jury in finding their verdict.

The parties waived a jury, and agreed that the action might be tried by the court.

Thereupon, J. A. Field & Co., to sustain their plea of a former recovery, put in evidence the record of the suit in replevin. The court was of opinion that the record of the proceedings in the replevin suit sustained defendants' plea of a former recovery, and was a complete bar to the plaintiffs' cause of action in the present case, and entered judgment accordingly in defendants' favor.

It is claimed in this court that the court below erred in its judgment sustaining the plea of a former recovery, because the record in the replevin suit shows that the question of damages for breach of contract and of warranty was withdrawn from the jury by the court, except to prevent a recovery therein.

We do not so read the record. On the contrary, it plainly appears that the court instructed the jury that they were at liberty to find damages in defendants' favor, and to set off the amount of such damages against the plaintiffs' debt. It is true that the court told the jury that should they find damages for defendants equalling or exceeding the entire debt due on the mill, they should then find for the defendants. This instruction may have been understood to mean that, if defendants' damages exceeded the amount of plaintiffs' claim, the jury could not go further and find a verdict in defendants' favor for the amount of such excess. And in such an event it may be that, so far as defendants' damages exceeded the plaintiffs' debt, the defendants would not have been precluded from maintaining a subsequent action for such excess.

But the jury's verdict shows that, while they allowed damages in defendants' favor, they found such damages to have been far less than the amount of plaintiffs' debt, and, accordingly, if the defendants were bound by that finding of the jury, there was no excess of damages on which they could base a subsequent suit.

In *Burnett* v. *Smith*, 4 Gray, 50, it was ruled that, in an action to recover damages for a false representation as to the value of certain corporation stock, it was competent for the plaintiff to avail himself of such false representation in reduction of damages in the action on the note given for the stock.

Another objection urged to the judgment of the court below

is that the action in replevin was an action founded upon tort, and not upon contract, that a set-off can, under the Code of Kansas, only be pleaded in an action founded on contract, and that hence the defendants in the replevin suit in question could not legally plead a set-off of the damages caused by the breach of warranty.

The Supreme Court of Kansas disposed of this contention in *Gardner* v. *Risher*, 35 Kansas, 93, which, like the present, was a case wherein the plaintiff sought, by a writ of replevin, to enforce the provisions of a chattel mortgage, and the defendant set off against the notes secured by the mortgage certain damages incurred by reason of breaches of a contract. The court held that, as the plaintiff's claim was really founded on contract, the defendant could, notwithstanding that the form of the action was replevin, avail himself, by way of set-off, of damages caused by the failure of the other party to the chattel mortgage to comply with his contract.

The later case of *Kennett* v. *Fickel*, 41 Kansas, 211, is cited on behalf of plaintiffs in error as holding that a set-off cannot be pleaded as a defence in an action of replevin, because such an action is founded upon the tort or wrong of the defendant, and not upon contract. An examination of these two cases satisfies us that they are not irreconcilable. They were both suits in replevin, but, in the earlier case, the plaintiff's cause of action originated in the provisions of a chattel mortgage, and the suit in replevin was resorted to in pursuance of one of those provisions, and was regarded by the court as, in substance, founded on contract. The later case was founded on a wrongful taking by the defendant of property of the plaintiff, and was, therefore, in substance as well as form an action *ex delicto.*

The replevin suit pleaded in answer in the present case was substantially a proceeding in enforcement of contract provisions, and therefore within the decision in *Gardner* v. *Risher*, 35 Kansas, 93.

Moreover, the record shows that, in point of fact, the defendants did plead a set-off in the replevin suit, and had the benefit of such a plea, and it seems to us that they cannot

now be heard to say that the plea was not allowable in such case. There is high authority for saying that, as that question was a subject of judicial inquiry in the action of replevin, it would not be open elsewhere, even in behalf of the plaintiffs in replevin, against whose contention the set-off was allowed. *Bartlett* v. *Kidder*, 14 Gray, 449, 450; *Merriam* v. *Woodcock*, 104 Mass. 326.

Much less can the defendants in the replevin suit, at whose instance and in whose favor the set-off was allowed, be permitted afterwards to escape from the effect of a judicial inquiry invoked by themselves. The use of a so-called action of replevin as a mode of enforcing provisions of a contract in writing seems scarcely consistent with the nature and purpose of that form of action, as understood and enforced in England and the older Sta es of this Union; but, as the Supreme Court of Kansas, in the case already cited, has approved of such a proceeding, and has likewise held that it is competent, for a defendant in replevin, to set up as a defence unliquidated damages arising out of a breach by the plaintiff of the contract, and as the plaintiffs in error in the present case themselves resorted to such a defence and obtained its benefits, it was not error in the Circuit Court of the United States for the District of Kansas to hold that the plaintiffs in error were precluded by the verdict and judgment in the replevin suit.

The judgment of the Circuit Court is

*Affirmed.*