## BAER v. SLEICHER et al.

(Circuit Court of Appeals, Sixth Circuit. April 11, 1907.)

No. 1,605.

1. COUNTERCLAIM—SUBJECT-MATTER—OHIO STATUTE.

A contractor for a government work in Ohio canceled the contract of subcontractors for an alleged breach, and took possession of the tools and materials of the subcontractors on the premises under a provision of the contract, and used the same in completing the work. The subcontractors, who were citizens of another state, having brought an action in replevin for such tools and materials in a federal court, the defendant therein filed a counterclaim for damages growing out of the breach of contract by the plaintiffs. *Held*, that such claim for damages was one "arising out of the contract or transaction set forth in the petition, as the foundation of the plaintiff's claim, or connected with the subject of the action," in such sense as to make it a proper counterclaim under Rev. St. Ohio 1906, § 5069, and therefore that the court had authority under section 5089 to order it docketed as a separate action, and had jurisdiction over the subject-matter and the persons of the defendants therein.

153 F.—9

2. DAMAGES—BREACH OF BUILDING CONTRACT.

A contract to furnish the materials and labor for certain work on a structure provided that in case the contractor should fail to complete the contract in accordance with its terms the second party should have the right to recover any and all damages incurred by reason of said failure, and also to recover whatever sums might be expended in completing the said contract in excess of the contract price. *Held*, that upon such failure and the completion of the contract by the second party his recovery was not limited to the reasonable cost of such completion, to be determined by a jury, but that he was entitled to recover the actual amount expended by him in good faith in such completion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 307, 308.]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

N. S. Monsarrat, Jr., for plaintiff in error.

C. A. Seiders, for defendants in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This suit was brought by John H. Baer, a resident of Toledo, and citizen of Ohio, surviving partner of Randolph & Baer, general contractors, against William Sleicher, Jr., and William N. Sleicher, partners under the firm name of the West Side Foundry Company, residents of Troy, and citizens of New York, to recover damages for a breach of contract. It appears that Randolph & Baer entered into a contract with the United States to furnish labor and material, and erect the Toledo Harbor Light Station, for the sum of $84,700. Thereafter Randolph & Baer entered into a contract with the West Side Foundry Company to furnish and erect the iron and metal work for said station for the sum of $15,600, the work to be completed by September 1, 1901. By an agreement made April 23, 1902, the West Side Foundry Company was given until October 1, 1902, to complete this work. It failed to do so by the stipulated time, but continued at work until about December 12, 1902, when Baer notified the West Side Foundry Company that its contract was canceled, giving the reasons, and thereafter assumed charge of the job, and proceeded to complete the iron and metal work, charging the West Side Foundry Company with its cost. It was for the cost of thus completing the iron and metal work, and for the damages resulting from the breach of contract by the West Side Foundry Company, that the petition was filed by Baer.

To this petition the defendants filed an answer on June 23, 1905, in which they set out: That on April 2, 1903, they commenced an action in replevin in the court below against Baer and the administrator of his former partner, Randolph, to recover the material and tools which had been left at the station and taken possession of and converted by Baer, which property, on the filing of proper affidavits, was delivered to them. That thereafter Baer filed an answer and counterclaim in which he claimed that the property replevined had been delivered to the said John H. Baer by said plaintiffs under the contract set up in said counterclaim and in its petition herein, and that the said counterclaim arose out of the transaction of the delivery of said materials and

property, and was connected with the subject of the plaintiffs' action, and damages for the breach of the contract on which the present action is founded. This counterclaim was demurred to by the present defendants, and, the demurrer being overruled, a reply was filed denying that the property had ever been delivered to Baer, or that the counterclaim arose out of the transaction of the delivery of the property. That thereafter the cause came on for trial, was submitted to the jury, and the jury found in favor of the plaintiffs therein, and judgment was rendered against the defendant Baer. During the trial testimony offered by Baer in support of his said counterclaim was excluded on the ground that his cause of action did not amount to a counterclaim, and before the final submission of the cause Baer was permitted to withdraw said counterclaim, and it was ordered by the court that the same be docketed and proceeded with without further process under section 5089 of the Revised Statutes of Ohio for 1906. After stating these facts, the answer submitted that, there being no counterclaim under section 5069 of the Revised Statutes of Ohio for 1906, there was no authority under section 5089 to docket the same as a separate action, and the court was without jurisdiction over the persons of the defendants.

A demurrer to this answer, or plea in bar, was sustained and leave given to answer. The answer, after a preliminary protest against the jurisdiction of the court over the persons of the defendants, goes on to present in detail their defense to the action upon its merits, and along with the same incorporates a cross-petition in which they seek to recover a large amount of money for extra work and material furnished under the contract. A reply was filed to this answer and cross-petition, and the case went to trial before a jury, which returned a verdict in favor of the plaintiff and for $1,000 and costs. Both the defendants below and the plaintiff seek to set aside this judgment, the defendants on the ground that the court below was without jurisdiction over the persons of the defendants, and the plaintiff on the ground that the court erred in its rulings upon the trial.

1. The defendants make the point that after the court held there was no counterclaim under section 5069 of the Revised Statutes of Ohio for 1906, in favor of Baer, it was without authority, under section 5089 of the Revised Statutes of Ohio for 1906, to order this alleged counterclaim to be docketed as a separate action, and therefore was without jurisdiction over the persons of the defendants in the action thus wrongfully docketed. But we are satisfied the court below was wrong in holding that there was no counterclaim under section 5069 in favor of Baer. This section of the Ohio Code provides that "a counterclaim is a cause of action existing in favor of .a defendant, and against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." The right claimed by Baer to recover damages for the breach of the contract with the West Side Foundry Company was so connected with the material and tools replevined by the latter that it came within the definition of a counterclaim under the section mentioned. It arose out of the contract or transaction relied upon by the West Side Foundry Company, and

was so connected with the subject of their action as to make it properly a counterclaim. For this reason the court below had authority, under section 5089 of the Revised Statutes of Ohio for 1906, to order it to be docketed as a separate action, and therefore had jurisdiction over the persons of the defendants and the subject-matter of the action now before us on error. Clement v. Field, 147 U. S. 467, 13 Sup. Ct. 358, 37 L. Ed. 244; Morgan v. Spangler, 20 Ohio St. 38.

2. Having thus disposed of the question of jurisdiction, the case, so far as it is necessary for us to consider it, turns upon the proper construction of that portion of the contract which defines the limits of recovery to one who rightfully cancels the contract, and under its terms completes the job. Under the present contract, he was clearly entitled, in addition to certain damages, to the cost of completing the work. This did not mean the reasonable, but actual, cost. If it appeared from the testimony that he paid in good faith certain sums of money for material and labor to complete the job, he was entitled to recover such sums, whether the jury thought they were reasonable or not.

The contract provided:

"It is further understood and agreed that in case of failure of the party of the first part, the West Side Foundry Company, to complete this contract as specified and agreed upon, that the said party of the second part, Randolph & Baer, shall have the right to recover any and all damages incurred by reason of said failure by the party of the first part, and shall also have the right to recover whatever sums may be expended by the party of the second part in completing the said contract in excess of the price stipulated, to be paid by the party of the first part for completing the same."

Referring to this portion of the contract, the court charged the jury as follows:

"Now, gentlemen, if, under these instructions, you find that the plaintiff was entitled to cancel this contract on the 12th day of December, you will proceed to inquire what, under the proof, he is entitled to recover from the defendants. I cannot be of much service to you in that respect. If he is entitled to recover, he is entitled to recover the reasonable cost of completing the contract, not the unreasonable or extravagant cost, but only the reasonable cost of it."

This portion of the charge was specially excepted to. Under it, as appears from the record, testimony was relied upon tending to lead the jury to believe that certain items charged against the defendants for the cost of completing the work were unreasonable and extravagant, and should be rejected or reduced, although paid by the plaintiff in good faith. Thus it was left to the jury to determine, as to each particular item, whether the cost should be recovered or not; in other words, no matter if the item cost what Baer charged for it, and no matter if he had paid the price thus demanded, and no matter if he could not have obtained the material or labor for less money, nevertheless, if the jury, in its discretion, should determine that the cost of the material or labor was extravagant, it might reject or reduce the item.

We do not understand that the contract vests any such power in the jury, or leaves the contracting party to such a doubtful and uncertain remedy under the contract. A man who contracts to do certain work must perform his contract, and, if he fails to do so and leaves the contract uncompleted, the other party is given the right to cancel the contract and complete the work. In case the contract is thus annulled,

"the party of the second part [meaning in this instance Baer], shall be thereupon authorized, if an immediate performance of the work or delivery of the materials in their opinion is required by the public exigency, to proceed to provide for the same by open purchase or contract, and the party of the first part shall remain liable to the party of the second part for the damages occasioned to them by the said noncompliance, delay, or negligence."

We have already referred to that part of the contract which provides:

"That in case of failure of the party of the first part to complete this contract * * * that the party of the second part shall have the right to recover any and all damages incurred by reason of said failure, * * * and shall also have the right to recover whatever sums may be expended by the party of the second part in completing said contract in excess of the price stipulated to be paid to the party of the first part for completing the same."

The view we take is that the purchase of the material and labor is left to the party of the first part. It may be made either "by open purchase or contract." If it is made in good faith, the sums thus expended to complete the work become a proper charge against the party of the second part. The sole question is whether such sums have been expended in good faith by the party of the second part in completing the work. If they have been, it is not for the jury to say that they are unreasonable or extravagant. The party of the first part in completing the work, occupied substantially the position of an agent for the party of the second part, and did not guaranty the wisdom of the purchase of labor or material.

The judgment is reversed, and the case remanded for a new trial.