AMERICAN CONST. CO. v. KLEINIE et al.
(No. 445.)

(Court of Civil Appeals of Texas.   El Paso.   May 20, 1915.   Rehearing Denied June 17, 1915.)

1. PRINCIPAL AND SURETY ⟨⊙⟩82—LIABILITY OF SURETY—AMOUNT—BUILDING CONTRACT.

Where the principal contractor did not act in good faith in procuring the completion of the work after its abandonment by the subcontractor, but expended therefor a sum more than was reasonably necessary, he cannot recover from the subcontractor's surety the full amount expended by him, but only the reasonable cost of finishing the work.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 127; Dec. Dig. ⟨⊙⟩82.]

2. PRINCIPAL AND SURETY ⟨⊙⟩159—LIABILITY OF SURETY—ACTIONS—BURDEN OF PROOF.

Where a building contractor, in an action against the surety of the subcontractor, proves the abandonment of the work by the subcontractor, and the cost of its completion by him according to the terms of the contract, the burden is on the surety to prove that the contractor did not act in good faith in completing the work, and what the reasonable cost of such completion should be.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 428–435; Dec. Dig. ⟨⊙⟩159.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by the American Construction Company against R. Kleinie and another. Judg-

---

⟨⊙⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment for defendants, and plaintiff appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood and Walter H. Walne, all of Houston, for appellant. Lane, Wolters & Storey, Paul Kayser, and Gill, Jones & Tyler, all of Houston, for appellees.

HARPER, C. J. This suit was instituted by the appellant against R. Kleinie, as principal, and the Fidelity & Deposit Company of Maryland, as surety, upon a bond executed by defendant surety company, to secure the faithful performance by Kleinie of a contract made by him with plaintiff for the doing of painting of the Harris county courthouse, to build which the plaintiff had the general contract with the county. Defendant Kleinie abandoned the contract and refused to complete the work, and the plaintiff provided the labor and material to complete the painting, and by this action seeks to hold Kleinie as principal and the surety company on its bond for the actual cost of so doing. Submitted to jury upon special issues and upon the verdict rendered, judgment was entered, for defendants, from which this appeal is perfected.

The contract between the construction company and Kleinie provides that:

"Should the party of the first part at any time refuse or neglect to supply sufficient skilled workmen or materials of proper quality, or fail in any respect to prosecute the work with diligence, or fail in the performance of any of the covenants on his part, the party of the second part shall have the right, after five days' written notice to the party of the first part, or any one representing him in the execution of said painting, to provide such labor and materials, and the cost thereof shall be borne by the party of the first part."

The following are the issues submitted and the answers given by the jury:

"Special Issue No. 1: What would it have cost to have completed said work after the 27th day of April, 1910 (when the defendant, Kleinie, abandoned same) according to the plans and specifications? Answer: $3,350.31.

"Special Issue No. 2: Was said amount reasonable and necessary in order to complete said work in accordance with the plans and specifications? Answer: Yes.

"Special Issue No. 3: What amount or sum was actually paid by plaintiff, the American Construction Company, in order to complete said work as per plans and specifications after his abandonment by defendant Kleinie on the 27th day of April, 1910? Answer: $7,000.00.

"Special Issue No. 4: Did the plaintiff, in making the contract it did with the Schwartz-Eustis Company for the completion of the painting work embodied in defendant Kleinie's contract and left by him unfinished at the time he abandoned the work, act in good faith? Answer: It did not.

"Special Issue No. 5: Did the plaintiff, in making the contract it did with the Schwartz-Eustis Company for the completion of the painting work embraced in defendant Kleinie's contract and left by him unfinished at the time he abandoned same, act as a reasonably prudent person in the exercise of good business judgment would have acted? Answer: It did not.

"Special Issue No. 6: Could or could not the contract of R. Kleinie have been performed and his work completed by the plaintiff for the un-paid portion of the contract price by the exercise of good business judgment by plaintiff, acting in good faith and with reasonable diligence? Answer: It could not.

"Special Issue No. 7: Did the plaintiff, the American Construction Company, exercise ordinary care in the supervision of the performance by Schwartz-Eustis Company of the contract which it made with the plaintiff for the completion of the work unfinished by defendant Kleinie at the time he abandoned the job? In reply to this question, you will answer either 'It did,' or 'It did not,' as you may find the facts to be. By the words 'ordinary care,' as used in this interrogatory is meant the care that a person of ordinary prudence would have exercised under the same or similar circumstances. Answer: It did not."

[1] The first and second assignments in effect are that the court should have entered judgment for plaintiff upon the finding of the jury that it cost $7,000 to finish the contract after breach, because, there being no evidence that plaintiff did not exercise good faith and diligence in procuring such labor and material at the cheapest price, it followed as a matter of law that it was entitled to recover the sum expended. They are overruled, because the jury found as a fact that the plaintiff did not act in good faith, and there is evidence to support the finding.

[2] The third and fourth are that the court erred in refusing to charge the jury that the burden was upon defendant to prove its defenses: First, that the plaintiff did not act in good faith; and, second, that the price paid Schwartz-Eustis Company for the completion of the painting work was not reasonable. Under the provision in the contract between the construction company and Kleinie, all that plaintiff was required to do was to prove the breach; that it provided the labor and material necessary and the cost thereof. The burden then shifted to the defendants to establish their defense that the amount was not reasonable, and the court should have so charged. Porter v. Purkett, 65 Tex. 383; Baer v. Sleicher, 153 Fed. 129, 82 C. C. A. 281; Nelson v. San Antonio Traction Co., 175 S. W. 434.

The question of good faith and that the charges were unreasonable are inseparable under the provisions of this contract. The holdings of the adjudicated cases upon the point, which we have found, are based upon the peculiar facts of each case.

It seems clear that by the provision in the contract appellant was authorized to proceed to furnish the labor and material to finish the abandoned contract at such cost as it appeared to it was reasonable and just, acting, of course, in good faith, so when the plaintiff had pleaded and proved that it was lawfully entitled to finish the work defendant had contracted to do, that he nad done so, and that the cost was so much, this was all that he was required to do to authorize a recovery. If plaintiff did not act in good faith, it was a matter of defense, and the burden was upon the defendant to prove it, and if proven, then it would also devolve up-

on the defendant to prove what the cost of the labor and material would reasonably have been if procured by a person acting in good faith, and that alone must be the test as to the amount of recovery by plaintiff. If it would amount to more than the contract between plaintiff and defendant called for, then plaintiff should recover; if less, then defendant should recover.

The fifth assignment is to certain statements of counsel for defendant in argument to the jury, upon the ground that there was no evidence in the record to justify the remarks. It is unnecessary to pass upon this assignment, because the matters complained of are not likely to occur upon another trial.

For the error indicated above, the cause must be reversed and remanded.