No. 19,647.

E. L. MILLER, *Appellant*, v. ALBERT S. THAYER, *Appellee*.

SYLLABUS BY THE COURT.

REPLEVIN—*Chattel-mortgaged Property—Unliquidated Damages—Fraud —Proper Counterclaim.* In an action of replevin to recover a stock of goods under a chattel mortgage made to secure the payment of a note given in part payment for the purchase of the goods, the defendant mortgagor may set out as a defense and counterclaim a cause of action which has accrued to him on account of fraud practiced on him by the mortgagee when the goods were purchased.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 10, 1915. Affirmed.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellant.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This case comes to this court upon the ruling of the district court on the demurrer filed by the plaintiff against the second ground of answer and cross-petition of the defendant.

On the second day of February, 1914, the plaintiff filed his petition in replevin in the district court asking for the immediate possession of a certain stock of goods and merchandise then owned by the defendant, and upon which the plaintiff held a chattel mortgage securing the payment of a note for $4942.11.

The plaintiff's petition alleged his right to recover upon the chattel mortgage which was a lien upon the stock of goods. The defendant filed a general denial, and further, by way of answer and cross-petition, alleged that the defendant had purchased this stock of goods and merchandise and store fixtures from the plaintiff on October 1, 1913; that in partial payment for the stock of goods and merchandise and fixtures, the defendant executed and delivered to the plaintiff his note for $4942.11, and executed and delivered to the plaintiff a chattel mortgage on the stock of goods; that the defendant was in-

duced to purchase the stock of goods and to give his note and chattel mortgage by reason of false and fraudulent representations made to him by the plaintiff, which representations were relied upon by the defendant; and prayed judgment against the plaintiff in the sum of $12,477.11. To this answer and cross-petition the plaintiff filed a demurrer stating—

"That the said second ground of answer and cross-petition is not a cause of action that can properly be pleaded as a set-off or a counterclaim to the cause of action set out in the plaintiff's petition herein.

"That the said second ground of answer and cross-petition set out in the defendant's answer herein does not state facts sufficient to constitute any defense to the plaintiff's cause of action.

"That the facts set forth in the second ground of answer and cross-petition of the said defendant filed herein is not in any manner connected with the contract set forth in the plaintiff's petition, but is another and separate and different cause of action, founded upon another and different contract and can not be properly pleaded to the plaintiff's cause of action."

The lower court overruled this demurrer, and upon the questions raised thereby the plaintiff brings the case to this court.

It is necessary to examine the statutes of this state governing counterclaim and set-off. Subdivision 2 of section 97 of the code of civil procedure reads:

"The answer shall contain:   . . .   *Second,* a statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

This section places no limitations on the kind of action in which a counterclaim or set-off may be pleaded. Section 98 of the code of civil procedure does place some restrictions on the right to set out a counterclaim. That section reads:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein."

In the present case, the counterclaim set out by the defendant is one existing in favor of the defendant and against the plaintiff, on which a judgment might be had in favor of the

defendant against the plaintiff in an action brought by the defendant for that purpose. This counterclaim arises out of a transaction set forth in the plaintiff's petition as the foundation of his claim, and is connected with the subject of the action, as that action is stated by the plaintiff. The foundation of the plaintiff's action is the note, to secure the payment of which the chattel mortgage was given. If for any reason the indebtedness evidenced by the note does not exist, the plaintiff is not entitled to the possession of the property in controversy under his chattel mortgage. Whatever defeats the note may be set up as a defense to defeat the plaintiff in this action. In order that the dispute concerning the transaction may be settled, it is necessary that the claims of both the plaintiff and the defendant be adjudicated. Both parties ask that the right to the possession of the property be determined. It is proper that this be done. This can not be done without determining the matters presented in the answer. There are no practical, insurmountable difficulties in the way of determining, in this action, all the rights of these parties growing out of the transaction which has become the subject of this lawsuit. Our conclusion is that all these matters may be litigated in this action. In *Gardner v. Risher,* 35 Kan. 93, 10 Pac. 584, a replevin action, this court said:

"Unliquidated damages arising from contract may constitute a set-off against a note secured by a chattel mortgage; and if such unliquidated damages exceed the mortgage debt, the mortgagee is not entitled to the possession of the property described in the mortgage, as against the mortgagor, asserting such unliquidated damages and pleading the same in an action founded upon the note and mortgage." (Syl. ¶ 1.)

In *Deford v. Hutchison,* 45 Kan. 318, 25 Pac. 641, this court said:

"In an action of replevin by a mortgagee for the possession of mortgaged property, the defendant in possession thereof may, for the purpose of defeating the plaintiff's right of recovery, prove, under the general denial, a sale of the property by her to the plaintiff subsequent to the execution and delivery of the mortgage, and his refusal to take the goods and pay her the contract price. *Further held,* That in such an action, where the plaintiff is permitted to retain the goods, the defendant may plead such sale, and if maintained on the trial, may recover judgment against the plaintiff in the alternative for a return of the property, or the value of her interest therein." (Syl.)

Upon a reëxamination of the opinion in *Deford v. Hutchi-*

*son,* supra, the court eliminated therefrom all reference to any counterclaim or set-off.    (p. 332.)

The principle announced in *Gardner v. Risher,* supra, and *Deford v. Hutchison,* supra, is supported by *Greenawalt v. Wilson,* 52 Kan. 109, 34 Pac. 403, and *Thrashing-machine Co. v. Currey,* 75 Kan. 365, 89 Pac. 688.

In *Clement v. Field,* 147 U. S. 467, 37 L. Ed. 244, 247, 13 Sup. Ct. Rep. 358, a case commenced in the district court of Rice county, removed to the United States circuit court, and from there appealed to the supreme court of the United States, that court said:

"Another objection urged to the judgment of the court below is that the action in replevin was an action founded upon tort, and not upon contract, that a set-off can, under the Code of Kansas, only be pleaded in an action founded on contract, and that hence the defendants in the replevin suit in question could not legally plead a set-off of the damages caused by the breach of warranty.

"The Supreme Court of Kansas disposed of this contention in *Gardner v. Risher,* 35 Kansas, 93, which, like the present, was a case wherein the plaintiff sought, by a writ of replevin, to enforce the provisions of a chattel mortgage, and the defendant set off against the notes secured by the mortgage certain damages incurred by reason of breaches of a contract. The court held that, as the plaintiff's claim was really founded on contract, the defendant could, notwithstanding that the form of the action was replevin, avail himself, by way of set off, of damages caused by the failure of the other party to the chattel mortgage to comply with his contract."    (p. 474.)

The headnote to this case as found in 37 L. Ed. 244, is as follows:

"In an action of replevin to recover a mill under and by virtue of a chattel mortgage thereon where defendant set up as a defense damages for a breach of a warranty of the mill and for delay in delivering it and was allowed such damages as a set-off in that action, he is precluded from bringing a further action for the recovery of such damages, and the judgment in the former action is a bar to the subsequent one."

In 24 L. R. A., n. s., 748, is a note on "Right in replevin to recoup damages growing out of same transaction," in which this language is found:

"Where a statute in general terms, and without limitation as to the nature of the action, authorizes a defendant to counterclaim for damages arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim or connected with the subject of the action, defendant in replevin may counterclaim for damages which, at common law, would have been a proper item for recoupment."    (p. 748.)

In 34 Cyc. 1417 it is said:

"Since the adoption of codes in most of the states, the doctrine of set-off and counter-claim has undergone much change. At first counter-claims were held not to be available in any action for a tort, and therefore not in replevin, which sounds in tort. But,this rule has been so far modified as to allow the interpositon of a counter-claim in the full sense of the code, whether arising on contract or based upon a tort, in an action of replevin, whenever such counter-claim is founded upon a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or whenever it is connected with the subject of the action."

The demurrer was properly overruled. The judgment is affirmed.