No. 20,356.

THE COMMERCIAL STATE BANK, *Appellee*, V. ARTHUR BAKER AND I. L. TILDEN, *Appellants*, AND BEN HIGHT, *Appellee*.

### SYLLABUS BY THE COURT.

1. REPLEVIN—*By Second Mortgagee—Payment or Satisfaction of First Mortgage—Proper Matters of Inquiry.* In a replevin action brought by a second mortgagee against the mortgagor and against the holders of a prior mortgage who are in possession of the property, the plaintiff, without having plead payment or satisfaction of the prior mortgage, may offer proof of payment or satisfaction, or of any fact which tends to defeat the priority of the first mortgage; and the fact that he has plead in his petition that the first mortgage was fully paid will not prevent him from offering proof of satisfaction otherwise than by the payment of money.

2. SAME—*Claim of Mortgagor for Unliquidated Damages against First Mortgagee—Properly Adjudicated.* In such an action, where the defendant mortgagor files a cross-petition against his codefendants, claiming that the first mortgage has been paid and that he is the owner of the property, subject only to the lien of the plaintiff, he may set up as against his codefendants a claim for unliquidated damages arising out of transactions connected with their possession of the property in controversy.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed December 9, 1916. Affirmed.

*J. C. Culver,* of Yates Center, *S. A. Gard,* and *G. R. Gard,* both of Iola, for the appellants.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for appellee The Commercial State Bank.

The opinion of the court was delivered by

PORTER, J.: This was a replevin action by the plaintiff bank to recover possession of a drilling machine used for drilling oil and gas wells. The petition set forth the special ownership of the bank based upon two chattel mortgages executed by Ben Hight, the owner of the machine, who was made a defendant. The mortgages recited that they were taken subject to a prior chattel mortgage of $600 held by defendants Baker and Tilden, the petition alleging that the prior mortgage had been fully paid, and that whatever rights Baker and Tilden claimed in the property were subject and inferior to the rights of plaintiff. Baker and Tilden answered by a general denial. Defendant Ben Hight filed an answer and cross-petition, in which he admitted the claims of plaintiff and alleged that the prior mortgage had been fully paid; also that he owned the property subject only to the liens of the plaintiff. He alleged that the value of the property at the time plaintiff demanded possession from Baker and Tilden was $1500, and he asked for judgment against his codefendants for the value of his interest in the property after satisfaction of plaintiff's claim.

The jury returned a verdict for the plaintiff and found the value of its special interest in the property to be $416.87. Special questions submitted by the court and by defendant Hight were also returned. The plaintiff was given judgment in accordance with the findings. Hight was given judgment against Baker and Tilden for the value of his interest in the property which the jury found to be $411.19. From both judgments Baker and Tilden appeal.

In September, 1913, Baker and Tilden entered into a written contract with Ben Hight, the owner of the drilling machine, by which he was to drill a well for them to a depth of 1200 feet, and he was to be paid $1 per foot on the completion of the well;

they were to furnish water for drilling purposes. A few days later they loaned him $600, secured by a chattel mortgage on the drilling machine. The mortgages under which the plaintiff claims were executed subsequently for loans made by the bank to Hight. After drilling the well 620 feet Hight threw up the contract, claiming that he was unable to proceed by reason of the delay of Baker and Tilden in furnishing water. He testified that he went to Oklahoma where Baker and Tilden were, explained the situation and offered to let them use the drill and tools to complete the well, and asked them to credit him with $1 a foot for the depth the well had been drilled and apply it on the mortgage, but that they refused to give him credit on the mortgage. They immediately took possession of the drilling machine and tools, and the jury find that they sold the property under the mortgage for $1100, and that the fair and reasonable value of the property at that time was $1408.

The principal contention of Baker and Tilden is, that instead of offering proof of payment of the $600 mortgage, the entire testimony consisted of proof of damages claimed by Hight on account of the breach of the contract to furnish water for drilling purposes, and that there was no evidence of any settlement between them and Hight or of any recognition by them of a counterclaim or set-off in his favor.

Over the objection of defendants Baker and Tilden, the court permitted the plaintiff to offer evidence to show numerous delays in furnishing water, and evidence to prove a claim for unliquidated damages due to Hight by reason of such delays. The court also submitted the issue of unliquidated damages to the jury, and instructed that if the jury found that Baker and Tilden failed to furnish water in sufficient quantities, and that by reason thereof, and from no fault of his own, Hight was rendered unable financially or without great loss to himself to prosecute the work, he was justified in ceasing work, and would be entitled to recover $620 for the drilling done and in addition thereto such damages as the evidence showed he sustained.

The court also submitted to the jury the issue whether it was understood between Hight and Baker and Tilden at the time the note and chattel mortgage were executed that the indebtedness should be paid out of the consideration for the drilling of the well. No special questions were asked or sub-

mitted respecting this issue except that the jury found, in an-
swer to a question submitted by Hight, that at the time Hight
abandoned the contract he requested Tilden "to apply the
money then owing in drilling the well, on the $600 note and
mortgage." The plaintiff..as well as defendant Hight insist
that notwithstanding the written contract for drilling the well
provided that the $1 per foot should be due and payable on the
completion of the well, it became at once due and payable by
reason of the breach of the contract by Baker and Tilden.
Upon the evidence and findings it is impossible to discover
whether the jury found for the plaintiff upon this theory or
upon the theory that the first mortgage was satisfied by a
claim for damages arising from the breach of the contract.
By the general verdict we must assume the jury found that
the appellants had breached the contract, and in that case de-
fendant Hight was entitled to have the payment for so much
of the work as was completed applied in satisfaction of the
mortgage.

The contention of appellants is that a plea of payment can
not be supported by evidence of a claim or set-off for un-
liquidated·damages; that the word "payment" in its legal sense
means a delivery by the debtor to the creditor of money or
something accepted by the creditor as payment of the debt. It
was not necessary, however, for the plaintiff to allege pay-
ment. Without any plea of payment, under the liberal rules
that have always been applied to replevin actions under the
code, plaintiff might have offered evidence tending to show
satisfaction in any lawful manner of the prior mortgage debt,
or any facts that would advance the junior mortgages to a
priority. Actions in replevin under the code have always
been regarded as constituting a class by themselves so far as
the scope of the issues made by the pleadings is concerned. In
most of the cases the question has been: What may be proved
by the defendant under a general denial? It has been re-
peatedly held that he may prove every fact which goes to show
that plaintiff should not recover against him. (*Colean v. John-
son*, 82 Kan. 655, 109 Pac. 403, and cases cited in opinion.)
We know of no reason why this same rule should not apply to
a petition which states a cause of action in replevin. Without
filing a reply the plaintiff may rebut the effect of any proof
offered by the defendant. (*Street v. Morgan*, 64 Kan. 85, 67

Pac. 448.) In *Miller v. Thayer,* 96 Kan. 278, 150 Pac. 537, which was a replevin action, it was said:

"If for any reason the indebtedness evidenced by the note does not exist, the plaintiff is not entitled to the possession of the property in controversy under his chattel mortgage. Whatever defeats the note may be set up as a defense to defeat the plaintiff in this action. In order that the dispute concerning the transaction may be settled, it is necessary that the claims of both the plaintiff and the defendant be adjudicated. Both parties ask that the right to the possession of the property be determined. It is proper that this be done. This can not be done without determining the matters presented in the answer. There are no practical, insurmountable difficulties in the way of determining, in this action, all the rights of these parties growing out of the transaction which has become the subject of this lawsuit." (p. 280.)

In the present case Hight's cause of action on his cross-petition respecting the very property in controversy could only be determined by an inquiry as to his right to set off against the first mortgage, held by his codefendants, a claim for unliquidated damages; and the plaintiff had a vital interest in that issue because the priority of its own mortgage lien was directly involved.

There was a sharp conflict in the evidence upon the issue whether appellants had failed in any respect to furnish an adequate supply of water for drilling purposes; but the jury determined that issue against appellants and the trial court approved the verdict. The appellants also offered evidence tending to justify their refusal to credit their mortgage with the amount claimed to be due on the 620 feet the well had been drilled when Hight abandoned the contract. Their evidence seems to show, without substantial contradiction, that they knew of a large amount of claims for labor and material which had not been paid by Hight, and which they subsequently paid to prevent liens and attachments being filed against the property. We find no error, however, in overruling the objection to the introduction of testimony, because the petition, as well as the cross-petition, stated a cause of action; and there was no error in the admission of testimony or the instructions submitting the issue as to unliquidated damages.

It follows that the judgment will be affirmed.