**Harry BURKA, Appellant,**

v.

**Fannie SEIDENBERG, Appellee.**

No. 1534.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 30, 1954.

Decided Oct. 8, 1954.

Eugene L. Goodridge, Washington, D. C., with whom Milton M. Burke, Washington, D. C., was on the brief, for appellant.

Mark P. Friedlander, Washington, D. C., with whom Harry S. Klavan, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

On December 11, 1953, the appellee in the present case filed suit against her tenant, appellant herein, for nonpayment of rent for the month of December. At the trial, the tenant filed a plea of set-off based on alleged damages suffered by reason of the landlord's failure to repair the roof of the premises in accordance with the terms of the lease. There was no question in that suit that the rent had not been paid. The trial court allowed the set-off and made a finding for the tenant. On appeal we re-

versed with instructions, holding that the tenant had failed to prove his damages.[1]

On January 20, 1954, another suit was filed by the landlord for nonpayment of the rent for January. The tenant again admitted owing the rent, but filed a counterclaim for $3,000 alleging damages to his property and business due to the breach of the covenant to repair. The trial produced a great mass of testimony recorded in a transcript of some 450 pages. The evidence was mostly conflicting as to what caused the hole in the roof of the leased premises, what caused the rafters and the ceiling to deteriorate, and as to when notice of these conditions was given to the landlord. It was undisputed that the landlord had made repairs to the roof and rafters towards the end of December, and that these repairs were completed about January 4. But the evidence was again conflicting as to whether these repairs were properly made, and whether they corrected the conditions of which the tenant complained. At the conclusion of the trial, the judge found that the tenant had failed to prove that his damages were caused by the failure of the landlord to repair the roof under the terms of the lease agreement. Judgment was entered for the landlord both on his claim for the rent and on the tenant's counterclaim, and the tenant appeals.

■ The tenant argues that the trial court was in error in ruling on the issue of the landlord's breach of the covenant, as that very question had been decided in the tenant's favor at the trial of the prior suit, and was therefore res judicata. He cites the general proposition that matters once litigated between parties are forever determined, and in subsequent suits between those parties, although different causes of action may be involved, those matters cannot be retried.[2] While we find no fault with that statement of the law, it has no application to the situation in the present case. The first suit between these parties involved the month of December, at which time the repairs to the roof had not been completed. Thus, the major issue was whether the landlord had breached his covenant by failure to make repairs as required by that covenant. The second trial, on the other hand, involved the month of January, during the greater part of which the repairs had been completed. The issue in this trial was not whether the landlord had failed to make repairs, but rather having made them, whether they were done properly and in accordance with the lease. There being two different questions at issue at these trials, the findings in the first one were not binding at the second trial.

■ The landlord also argues res judicata. He contends that the plea of set-off at the first trial, and the determination of that question, bars the tenant from making any further claims for damages allegedly suffered because of the landlord's breach. We agree with this argument only in part. It is well settled that the failure of a landlord to make repairs under a covenant requiring him to do so is a breach of a continuing nature. If a landlord sues for unpaid rent in different months, the tenant may set off or counterclaim for the damages he has suffered during each of these months.[3] But once having made a plea of set-off, as was done in the first trial, the tenant is precluded from again claiming these damages, or any other damages he might have claimed, by making a counterclaim for the entire amount in a subsequent suit.[4] Thus, the tenant at the second trial could at most recover the damages, if any, suffered during the month of January, as all his prior damages had been settled in the determination of his prior plea of set-off.

Whether the landlord had breached his lease by failing to make the repairs prop-

1. Seidenberg v. Burka, D.C.Mun.App., 106 A.2d 499.

2. Hines v. Welch, 57 App.D.C. 371, 23 F. 2d 979.

3. Annotation 28 A.L.R. 1491.

4. Clement, Eustis & Co. v. Field & Co., 147 U.S. 467, 13 S.Ct. 358, 37 L.Ed. 244; House v. Donnelly, 7 Ala.App. 267, 61 So. 18; 30 Am.Jur., Judgments, § 189; see Geracy, Inc. v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185.

erly, and whether the tenant was damaged during January by the breach, were undoubtedly questions of fact. The trial judge resolved the mass of the conflicting evidence on these questions in the landlord's favor. There is substantial evidence in the record to support his finding and we cannot say he was plainly wrong.[5]

Affirmed.