**Glenn W. SMITH, Appellant,**

v.

**SWIFT AND COMPANY, a corporation, Appellee.**

**No. 7163.**

United States Court of Appeals
Tenth Circuit.

July 25, 1963.

---

John Berglund, Clay Center, Kan. (William L. Rees, Topeka, Kan., on the brief), for appellant.

Charles A. Walsh, Concordia, Kan. (R. A. Brown, St. Joseph, Mo., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This suit was commenced by appellant, a turkey grower, to recover from appellee, Swift and Company, the price of a flock of turkeys it purchased from him. The case was removed to the United States District Court for the District of Kansas, where it was tried without a jury. The judge found for the appellee and this appeal was taken.

The appellant had entered into a contract with Dannen Mills, Inc., which is not a party to this action, whereby that company was to furnish him with turkey poults, feed, and assistance in raising a flock of turkeys. Appellant executed and delivered to Dannen Mills, Inc. notes and mortgages covering the purchase price of the poults and of the feed. There is no dispute as to the validity or coverage of these mortgages. There is also agreement that there was a balance due by the terms of the mortgages from appellant to Dannen Mills, Inc. in the amount of about $28,000.00. Appellant however does assert that the technical advisor provided by Dannen Mills, Inc. introduced a disease into the flock which caused considerable damage. At the end of the growing season, appellee, Swift and Company, purchased the turkeys for an agreed price of $20,615.40 which was less than the balance due Dannen Mills, Inc. under the mortgages. This sale was agreed upon by appellant, by appellee, by representatives of Dannen Mills, Inc., and by representatives of Farmers' Co-op. (another feed company which held a second mortgage). Appellee was then instructed by appellant, by Dannen Mills, and by Farmers' Co-op. that it should issue two checks for the turkeys, each one payable to appellant (mortgagor), to Dannen Mills, Inc. (the first mortgagee), and to Farmers' Co-op. (second mortgagee), since they all had an interest in the turkeys. These instructions as to the checks were given several weeks before the sale was consummated. These checks were so prepared and delivered to Farmers' Co-op. where they were held for several months and then delivered to Dannen Mills, Inc. The checks were voided by appellee nearly a year after issue and the purchase price was then paid by appellee solely to Dannen Mills, Inc.

The appellant urges that the mortgagee in consenting to the sale of the turkeys waived its mortgage lien. It is certainly a general rule that the mortgagee's consent to the sale of mortgaged property by the mortgagor is, in the absence of an understanding or of a condition as to the application of the pro-

ceeds, a waiver of the mortgage lien. Annot., 36 A.L.R. 1379. However it is equally well recognized that there is an exception to this rule where it is a condition that the proceeds be applied to discharge the mortgage. Annot., 36 A.L.R. 1379. Here there is no question but that the mortgagee and the mortgagor-appellant agreed with the appellee that the sale would be made. The record also shows that several weeks before the sale was consummated, these interested parties also agreed that each of the checks for the purchase price was to be made payable as above described. The record shows, and the court found, this agreement was not made at the time the sale was concluded as appellant contends, but before. The use of joint checks shows that the parties agreed to preserve their interests in the proceeds, and there is no evidence to the contrary. The trial court concluded that under the agreement for the sale of the turkeys and the agreement as to the payees of the checks, the mortgage lien attached to the proceeds of the sale. These proceeds were paid by appellee to the mortgagee. The court further observed that the agreement as to the payees of the checks would not be consistent with a relinquishment by Dannen Mills of its lien on the proceeds of the sale of the mortgaged turkeys. The record clearly supports the findings upon which these conclusions were based. Muse, Spivey & Co. v. Lehman, 30 Kan. 514, 1 P. 804, was an early Kansas case where mortgaged grain was sold with the consent of the mortgagor and mortgagee, and with an agreement that the lien follow the proceeds. The court there held that the mortgage lien was effective as to the proceeds of sale as against other creditors of the mortgagor. Annot., 36 A.L.R. 1384. There are also authorities from other jurisdictions on this point, including Smith v. Brooks, 154 Neb. 93, 47 N.W.2d 389, and Clatworthy v. Ferguson, 72 Colo. 259, 210 P. 693. Appellant urges that Reese v. Kapp, 82 Kan. 304, 108 P. 96, holds to the contrary, but it appears instead that the court was there concerned only with whether or not the mortgagee's consent to the sale had to be in writing. The findings of the trial court in the case at bar on this point are amply supported by the evidence.

Appellant urges also that it was error for the trial court to refuse to admit evidence to support appellant's claim of damages against Dannen Mills, Inc., allegedly caused by its technical advisor. Appellant offered proof on this point. As mentioned above, Dannen Mills, Inc. was not a party to this suit at any time. The claim by appellant against it was unliquidated, and there was no connection or relationship between appellee, which was the purchaser of the turkeys at the end of the season, and Dannen Mills as to what may have occurred during the growing season. This matter of damages between appellant and the third party mortgagee could not have been properly tried in this action in the absence of such mortgagee. Appellant cites Miller v. Thayer, 96 Kan. 278, 150 P. 537, and Commercial State Bank v. Baker, 99 Kan. 248, 161 P. 620, but these cases do not hold to the contrary.

The appellant asserts that there was a trust created during the transaction or by the check; however we do not find that the elements of such a relationship were present. The appellee paid the agreed price for the turkeys to Dannen Mills which had a lien on the proceeds and to whom the obligation was owed by appellant under the mortgages. Appellant urges he had a right of action against Dannen Mills, but the court correctly held he could not assert it here. The court also found he has never made a demand on it nor filed suit against Dannen Mills. As between the parties before the court, the appellant is not entitled to the proceeds of the sale.

Affirmed.