L. C. DOWNTAIN v. C. S. RAY ET AL.

Decided January 24, 1903.

**Burden of Proof—Title—Partnership—General Denial.**

Where in an action to recover certain mules, brought against H., he impleaded D., his vendor, as a defendant, and D. pleaded the general denial, ownership, and also that, as a partner of plaintiff, he had sold the mules to H., having the right so to do by virtue of such partnership, it was error for the court to charge that the burden of proof was on D. to prove such partnership, since such defense could be made under the general denial, and the burden was on plaintiff to show title to the property.

Error from the County Court of Eastland. Tried below before Hon. J. R. Stubblefield.

*D. G. Hunt,* for plaintiff in error.

*Earl Conner,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—This action was brought by Ray against Huestis and Read to recover three certain mules or their value, alleged to be the property of said Ray. The defendants answered, pleading their purchase of said mules from Downtain, the appellant, and caused him to be made a party defendant to the proceedings. Downtain answered, pleading a general denial, ownership of the mules at the time they were sold by him to his codefendants, and specially, that if he was mistaken in his allegation of ownership, that he and plaintiff Ray were copartners in the ownership of the mules, and, as a partner, he had the legal right to sell them as he did. The judgment was for Ray against Huestis and Read, and in their favor against Downtain, who alone appeals.

The first assignment of error complains of the action of the court in giving to the jury the following charge requested by appellee Ray, to wit: "In this case the defendant L. C. Downtain has interposed a defense of partnership between him and the plaintiff C. S. Ray, and in this connection you are instructed that the burden of proof to establish the existence of such partnership, if such there were, rests upon the defendant L. C. Downtain, and if you find by a preponderance of the evidence that C. S. Ray was the owner of the mules herein in controversy as between the plaintiff C. S. Ray and the defendants, Huestis and Read, excluding the question of partnership, then, before you can find for the defendants Huestis and Read, you must find from a preponderance of the evidence that there was at the time of the purchase of the mules in controversy by Huestis and Read an existing partnership in said mules between the plaintiff C. S. Ray and the defendant L. C. Downtain, and unless you so find you will return a verdict for the plaintiff C. S. Ray."

The appellant's right to justify his sale of the mules upon the grounds of a partnership interest in them did not depend upon his pleading such

partnership. He could introduce evidence to this effect under his general denial of the plaintiff's case. Wilson v. Hudson, 63 Texas, 678. To plead that he is the owner, either sole or in partnership with another, is but to deny plaintiff's allegations of ownership. Hence it of course follows that it was error to instruct that the burden of proof was upon appellant to establish the existence of a partnership between himself and appellee Ray. This is not the case of a defendant interposing an affirmative pleading necessary to defeat the plaintiff's cause of action. The burden of proof here rested on the plaintiff throughout the entire case. If he proved that he was the owner of the mules, this met the burden and necessarily disproved the truth of appellant's answer. If he failed, then appellant would be entitled to judgment, without having to bear the burden imposed upon him by the terms of the charge.

This error is also contained in the general charge of the court, there being no assignment predicated thereupon. However, we advert to same only in view of another trial. The jury were repeatedly told that they must find from a preponderance of the evidence that Downtain was a partner in the ownership of the mules before they could return a verdict in his favor. This was not correct. He would have been entitled to a verdict upon the plaintiff's failure to establish his ownership by a preponderance of the evidence, as already stated.

Other matters complained of will probably not arise upon another trial. Reversed and remanded.

*Reversed and remanded.*