S. S. HATCH *et al.* v. WILLIAM GEISER.

No. 14,471.    (84 Pac. 555.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Briefs.* A compliance with rule 10 of this court is necessary to the proper consideration of many questions presented for decision, and cases may be affirmed where this rule is not followed.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed February 10, 1906. Affirmed.

*Brooks & Spencer,* for plaintiffs in error.

*H. E. Sadler,* for defendant in error.

6—73 KAN.

The opinion of the court was delivered by

GRAVES, J.: This is a case brought to exclude the defendant from all right under a certain oil-and-gas lease made by the plaintiffs. After the petition, answer and reply were filed and the case came on for trial the attorney for plaintiffs stated the case to the court; whereupon the defendant moved for judgment on the pleadings and statement of counsel, for the reason that, all taken together and conceded to be true, no cause of action had been shown against the defendant. This motion was allowed. The plaintiffs excepted, and now assign that ruling as error.

To ascertain whether or not this ruling was correct necessitates a careful examination of the lease, which is attached to the petition, an examination of the averments in the petition, and of the opening statement of counsel. There is nothing whatever in the brief of the plaintiffs in error concerning these important matters, except a reference to the page of the record where they may be found. There is but one record, and it is impractical for each member of the court to make such examination thereof as is necessary for the determination of the question presented. To provide for such cases, so each member of the court can examine with care the papers and statements involved, rule 10 of this court was adopted years ago, and has been printed in and distributed with the dockets every month since. Every lawyer must be familiar with it. The rule reads:

"The brief for plaintiff in error or appellant shall be printed, and shall contain: (1) A full statement of the essential facts of the case; (2) a specification of the errors complained of, separately set forth and numbered; (3) the argument and authorities in support of each point relied on, in the same order, with pertinent references to the pages of the record. When the error alleged relates to the admission or rejection of evidence, the brief shall quote the full substance of

the evidence admitted or rejected. When the error alleged relates to instructions given or refused by the court or to a ruling on the sufficiency of the petition or other pleading, or of an affidavit or the construction or effect of a contract or any document, order, entry, or paper, the instructions given or refused, the pleading, contract, document, order, entry or paper shall be set out in full. The brief of the appellee or defendant in error shall also be printed, and contain: (1) Any points made challenging the sufficiency of the record, or the plaintiff in error's right to be heard; (2) a full statement of any additional facts shown by the record and deemed essential, with pertinent references to the pages thereof; (3) citations of authorities and discussions of alleged errors, in the same order as in plaintiff in error's brief."

To disregard this rule, in a case where the necessity for a compliance therewith is so apparent, seems inexcusable. We very much regret summarily to dispose of cases for reasons of this kind, but it is important both to the court and litigants that this rule be enforced, and we feel that this necessity justifies such disposition. The judgment of the district court is affirmed.

All the Justices concurring.