THE COLEAN MANUFACTURING COMPANY, *Appellee,*
v. CHARLES JOHNSON, *Appellant.*

No. 16,562.

SYLLABUS BY THE COURT.

1. REPLEVIN—*Capacity of Plaintiff to Sue—Exempt Property— Burden of Proof.* In an action of replevin, brought by a. mortgagee to recover the possession of property under a chattel mortgage given to secure the payment of certain notes, where the mortgagor admits the execution of the notes. and mortgage and defends only upon the grounds that the mortgagee has no right to maintain the action and the property is exempt, the court does not err in placing the burden of proof as to the contested issues upon the mortgagor.

2. ——— *Possession Retained by Plaintiff, Who Prevails— Alternative Judgment for Value of Property.* When the mortgaged property is seized under the writ of replevin, and the possession of the same is retained by the plaintiff up to the time of judgment in his favor, there is no necessity for rendering an alternative judgment that the plaintiff shall recover the value of the property in case a return thereof can not be had.

3. ——— *General Denial — Defenses Provable — Capacity of Plaintiff to Sue.* Under a general denial in a replevin action the defendant may defeat a recovery by the plaintiff by showing that it is a foreign corporation without authority to carry on business in the state and is not entitled to maintain that or any other action in the courts of the state.

Appeal from Lane district court; CHARLES E. LOB-DELL, judge. Opinion filed June 11, 1910. Modified.

*J. S. Simmons,* for the appellant.

*A. L. Ferris,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin to recover the possession of an engine and other machinery. The Colean Manufacturing Company sold an engine to Charles Johnson for $2400, and took from him three notes, each for $800, and also a mortgage on the engine and other machinery to secure the payment of the notes. Johnson failed to pay the notes when they became due and this action was brought to recover the possession of the mortgaged property. Not all of the mortgaged property was seized under the writ of replevin, but so much of it as was practical to move or in a condition to be moved was replevined. No redelivery bond was given. A trial was had, without a jury, which resulted in favor of the company.

The first complaint is that the trial court ruled that the burden of proof was upon appellant. There is nothing substantial in this complaint. At the opening of the trial appellant announced that he would not

·contest the execution of the notes and mortgage, and that his defenses would be based upon the incapacity of appellee to maintain the action and that the property taken was exempt.   In that state of the case it was unnecessary for appellee to prove the execution of the notes and mortgage or the amount due thereon. (*Mills v. Kansas Lumber Co.*, 26 Kan. 574.)   Appellant had the affirmative of the defenses outlined, and the burden was properly placed on him as to these defenses.

It is contended that the engine did not come up to the warranty, that there was a partial failure of consideration, and that the court should have found the amount due upon the mortgage debt. · The testimony tends to show that the appellant used the machine for a year and a half without raising the question that the engine was not as warranted, and· also that he had expressed satisfaction with it after he had used it more than a year, and, further, that he did not conform to the requirements of the contract in respect to rescission.   Under this testimony and the general finding of the court it may be assumed that the court held that there was no failure of consideration.

The failure to find the value of the property seized and to render judgment in the alternative was not· error.   The property was not redelivered to appellant, but remained in the possession of appellee after it was taken under the writ of replevin, and the court adjudged that the appellee was entitled to the possession of the mortgaged property.   The appellant being in default in the payment of the debt and having failed to comply with the conditions of the mortgage, appellee was entitled to the possession of the mortgaged property.   The right to its possession at the commencement of the action was the issue in the case.   This having been determined in favor of the appellee, an alternative judgment was not required.   If when the property is sold to satisfy the mortgage the proceeds

42—82 KAN.

exceed the mortgage debt and costs of sale the surplus will be paid to the mortgagor or other party who may be entitled to it.

Testimony was offered and received to the effect that the plaintiff was a nonresident corporation and was not authorized to do business in the state nor to maintain the action. Afterward the court refused to consider the evidence upon this subject, or to decide the question, "for the reason that this issue was not properly raised under the pleadings herein, and *for this reason only.*" This ruling can not be sustained. Defendant was entitled to have the question considered and determined by the trial court. He had announced at the opening of the trial that plaintiff was not entitled to maintain the action. Plaintiff did not challenge his right to make this defense, and although not specially pleaded evidence to support it was received. Plaintiff's right to maintain the action was therefore treated as if it were an issue in the case up to the time of rendering judgment. Apart from this consideration, it is the Kansas rule and practice that in replevin cases every defense, general or special, meritorious or technical, may be made under a general denial. In ordinary actions the defense that a corporation has no authority to do business in the state or that plaintiff has no capacity to maintain the action can not be raised on a general denial, but to be availed of must be specially pleaded. (*Fraternal Union v. Crosier,* 70 Kan. 85; *Hatch v. Geiser,* 73 Kan. 81.) A different rule obtains in actions of replevin. In such cases a general denial puts in issue not only the plaintiff's right of possession but his right to maintain the action to recover possession. Under it he may show anything which may defeat the plaintiff's right to recover in that action. In *Street v. Morgan,* 64 Kan. 85, it was said:

"In replevin a general denial closes the issues and puts the plaintiff to proof of every fact material to the

maintenance of his action. Under it the defendant can prove every fact which goes to show that the plaintiff never had a cause of action against him. Since any defense to an action of replevin, either in bar or in abatement, may be proved under a general denial, a reply was wholly unnecessary." (Page 85.)

Other cases to the same effect are: *Wilson v. Fuller,* 9 Kan. 176; *Yandle v. Crane,* 13 Kan. 344; *Russell v. Smith,* 14 Kan. 366; *Holmberg v. Dean,* 21 Kan. 73; *White v. Gemeny,* 47 Kan. 741.

The authorities in other jurisdictions as to what constitutes a sufficient answer in replevin and what questions can be raised under a general denial are not uniform. In Missouri it is held that a matter of misjoinder, or the right of a plaintiff who is one of several joint owners to maintain an action in replevin, need not be specially pleaded in abatement, but may be taken advantage of under a general denial. (*Upham & Gordon v. Allen,* 76 Mo. App. 206.) It has been ruled in North Carolina that a defect of parties can be raised on the general issue. (*Cain v. Wright,* 50 N. C. 282. See, also, *Heaton v. Wilson,* 123 N. C. 398; *Iowa Savings Bank v. Frink,* 1 Neb. [unofficial] 14; *Downtain v. Ray,* 31 Tex. Civ. App. 298.)

Under his general denial, and the rule which obtains in this state, appellant was entitled to prove that appellee had no capacity to sue, no right to maintain this action of replevin brought against him, and hence the judgment must be modified. The decision of the court is affirmed as to all the points in contention except the single one which the court refused to consider. That part of the judgment is set aside and the cause remanded to try and determine whether appellee is a foreign corporation without authority to do business in Kansas or the capacity and right to maintain this action against appellant.