No. 19,983.

T. A. CAMPBELL and HENRY DAVIS, Partners, etc., *Appellees,*
V. RALPH MOWRER, *Appellant.*

### SYLLABUS BY THE COURT.

EXCHANGE OF PROPERTY—*Fraudulent Representations—Repudiation of Contract—Instructions—New Trial.* In an action of replevin for property which the defendant claims he obtained in a contract of exchange made with the plaintiffs, and in which the plaintiffs allege that they are the owners and entitled to the possession of the property which is wrongfully detained by the defendant, and where the defendant answers with a general denial, the plaintiffs may offer testimony to show that the negotiations between the parties did not result is a completed contract and change of ownership, and also that if a contract was in fact made it was invalid because of the misrepresentations and fraud of the defendant, the contract having been immediately repudiated by the plaintiffs.

Appeal from Pratt district court; PRESTON B. GILLETT, judge. Opinion filed March 11, 1916. Affirmed.

*W. B. Hess,* and *R. F. Crick,* both of Pratt, for the appellant.

*William Barrett,* and *L. G. Turner,* both of Pratt, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin to recover a team of mules alleged to be the property of T. A. Campbell and Henry Davis and of which Ralph Mowrer had gained possession. The trial resulted in a verdict for the defendant, but the court granted a new trial on the specific ground that error had been committed in refusing to instruct the jury that if a trade or exchange of mules had been agreed upon and effected, but had been brought about by the misrepresentations and fraud of the defendant, the plaintiffs would be entitled to rescind the contract and regain the possession of the mules if they immediately returned the mules received from the defendant and demanded the return of their own. There was testimony of a conversation between an employee or agent of the plaintiffs and the defendant with reference to trading plaintiffs' team of mules for a span of mules which the

defendant owned. The testimony is in conflict as to whether a trade was actually agreed upon or was conditional upon the subsequent examination and approval of another agent of the plaintiffs. At any rate, defendant obtained the possession of plaintiffs' mules, either as a result of a trade or for the purpose of testing them, and left those which he had owned at the plaintiffs' barn. The next day the plaintiffs returned to the defendant the mules he had left with them, and they testified that they found one of them to be wind-broken, weak in the back and practically worthless. It was in testimony that in the negotiations between the parties the defendant assured the plaintiffs' agent that his mules were sound and all right and that there was "not a blemish or pimple on them." He further said it was not worth while looking at them and hence the agent said he made no examination of the mules. There was also testimony that as the agent approached the head of one mule the defendant advised him not to get too close as he was "foolish about the mouth," and when he started to walk behind the mule the defendant said, "You better watch out, he might kick you."

In instructing the jury the court submitted the question whether or not a trade had actually been made, but declined to submit the question whether the exchange of mules was obtained through the misrepresentation and fraud of the defendant. By this refusal the court practically excluded from the jury all the testimony which had been received upon that theory of the case. There being testimony of latent defects in one of the defendant's mules appearing to have been intentionally concealed by the defendant, and of misrepresentations and fraud by him to induce a trade, of a kind which would justify the plaintiffs in treating the contract of exchange as void, it became the duty of the court to submit that question to the jury. The plaintiffs were entitled to present both theories: (1) that they were the owners and entitled to the possession of the property because the negotiations did not result in a completed contract and change of ownership; and (2) that if a contract was made it was rendered nugatory by the fraud of the defendant for which the plaintiffs promptly repudiated it. The petition of the plaintiffs set forth that

they were the owners and entitled to the immediate possession of the mules and that the defendant wrongfully detained them, and this was met by an answer containing a general denial. Upon the issues thus closed the plaintiffs were justified in offering testimony as to their right to possession under either or both theories, and the defendant was warranted in making any defense and proving any fact which tended to show that the plaintiffs did not own the mules, or were not entitled to the possession of them. (*Wilson v. Fuller,* 9 Kan. 176; *White v. Gemeny,* 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320; *Street v. Morgan,* 64 Kan. 85, 67 Pac. 448; *Colean v. Johnson,* 82 Kan. 655, 109 Pac. 403; *Ely v. Holloway,* 95 Kan. 8, 147 Pac. 1128; *Benesch v. Waggner,* 12 Colo. 534, 21 Pac. 706, 13 Am. St. Rep. 254; *Phenix Iron Works Co. v. Mc-Evony,* 47 Neb. 228, 66 N. W. 290, 53 Am. St. Rep. 527.) The failure to present both phases of the case to the jury was error and the court ruled correctly in granting a new trial.

The judgment is affirmed.