No. 22,835.

THE FIRST NATIONAL BANK OF BARNARD, *Appellant and Appellee*, v. JESSE C. VENARD and ROSE HANI VENARD, *Appellees and Appellants.*

SYLLABUS BY THE COURT.

1. REPLEVIN BY MORTGAGEE—*Property Wrongfully Retained by Plaintiff —Nature of Judgment to be Rendered.* In an action of replevin where a mortgagee wrongfully seized the property of the defendant and retained possession of the same until after the trial of the action wherein the defendant claimed the value of the property only, a judgment not in the alternative but only for the value of the property so wrongfully seized and withheld is not substantially erroneous.

2. SAME—*Chattel Mortgage Given for Purchase Money—Priority of Lien Over Claim of Exemptions.* Where money is loaned for the purchase of property and a mortgage is executed by the purchaser upon it to secure the payment of the lien, it is to be regarded as a purchase-money mortgage, and the purchaser takes the property charged with the lien. The wife of the purchaser and mortgagor who did not sign the mortgage, cannot thereafter claim the property to be exempt as against the mortgage lien.

3. SAME—*Purchase Money Borrowed from Third Party—A Purchase-money Mortgage.* The mortgage to secure the purchase money, having been given to one who loaned the money rather than to the vendor, is nevertheless a purchase-money mortgage.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed May 7, 1921. Affirmed.

*C. L. Kagey, Omer D. Smith,* both of Beloit, and *E. A. McFarland,* of Lincoln, for the appellant.

*David Ritchie,* of Salina, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Two actions in replevin were brought by the First National Bank of Barnard, against Jesse C. Venard and Rose Hani Venard, one to recover possession of tools and accessories used by Venard in conducting a garage and the other to recover an automobile. The plaintiff claimed the possession of the tools and appliances and accessories under a chattel mortgage, which was not signed by Mrs. Venard, and she defended on the ground that the property was exempt under the following statutory provision:

"The necessary tools and implements of any mechanic, minor or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value." (Gen. Stat. 1915, § 4700, subdiv. 8.)

The verdict of the jury was in favor of the defendant, Rose Hani Venard, of which no complaint is made, but error is assigned on the action of the court in adjudging that defendant should have judgment for the value of the property instead of rendering a judgment in the alternative giving the plaintiff the option of returning the property wrongfully taken.

In her answer Mrs. Venard alleged that she had taken possession of the property under a mortgage executed to her prior to the commencement of the action, and that plaintiff had wrongfully seized and converted the same to its own use. She did not ask for a return of the property but prayed judgment for the value of the property so converted. The statute relating to a judgment in replevin provides:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or for the recovery of possession, or the value thereof in case a delivery cannot be had, and for damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same." (Gen. Stat. 1915, § 7077.)

Ordinarily judgments in replevin are rendered in the alternative, and in an early case it was held that:

"When the property has been delivered to the plaintiff, and the defendant claims a return thereof, if the judgment be for the defendant, it must be in the alternative for a return of the property or for the value thereof in case a return cannot be had." (*Hall v. Jenness & Cohen,* 6 Kan. 356, syl. ¶ 5.)

The statute, as will be observed, is not mandatory in requiring a judgment in the alternative, but it provides that it may be so rendered. It depends upon the issues formed and the circumstances of the case whether an alternative judgment is necessary. It would be idle to provide for the return of property shown to have been destroyed or which could not be returned in specie, and other instances may be conceived of where the order of a return would be futile. It has been held that a judgment for plaintiff for the value of the property without the alternative was not erroneous where the defendant retained

the possession of the property and had placed it beyond his control and power to return it. (*Clouston v. Gray,* 48 Kan. 31, 28 Pac. 983.)

In another case it was held that where a mortgagee seized property under a writ of replevin and retained possession of the same up to the time a judgment in his favor was rendered, there was no necessity of rendering an alternative judgment. (*Colean v. Johnson,* 82 Kan. 655, 109 Pac. 403.)

In still another case where the plaintiff had taken and converted a stock of goods to its own use, the judgment in favor of the defendant which had a lien on the goods was not in the alternative, but only for the value of the interest held by the bank, and upon review it was held that as the plaintiff had taken and converted the goods to its own use there was no substantial error in the judgment. (*Lehman-Higginson Grocer Co. v. McClain,* post, p. 20; 64 Pac. 1029.)

As we have seen, the statute is permissive, leaving it to the court to determine whether established facts and justice require the rendition of an alternative judgment; and, as authorities cited by plaintiff show, there are cases in which a refusal to enter such a judgment would be material error. Our statute broadened the common-law action in replevin, adding the cumulative remedy of giving the party from whom property is wrongfully taken and detained the right to ask the value of such property. It is a provision for the benefit of the wronged party and not for the one who commits the wrong. This feature of replevin was considered in *Johnson v. Boehme,* 66 Kan. 72, 71 Pac. 243, where an action for conversion after a judgment for costs in a prior action for replevin without more had been rendered in favor of the defendant. It was there said:

"It will be noted that the language of the statute is permissive only. Judgment may be had. We think this leaves the matter entirely optional with the defendant as to whether he will take this additional order and judgment or leave it to the result of some subsequent action. The right to have value fixed was not given to the failing, but to the prevailing party, and was in his interest. He may be prepared to go into this question in the replevin action, or he may not. He has had his property wrongfully taken from him. It scarcely lies in the mouth of a wrong-doer, when sued in a subsequent action, to say that the plaintiff did not take all of the relief to which he was entitled in the former case." (p. 74.)

After discussing the nature of the remedy afforded by the code, giving the prevailing party a right to the return of the property or to the value of it, it was stated that:

"This is a new remedy given him, and it is well established that in such cases the one on whom such new remedy is conferred may elect which course he will pursue. He need not avail himself of the new unless he chooses so to do, and, if he does not, he is not estopped from pursuing the old." (p. 75.)

The plaintiff, as the jury had found, was the wrongdoer. It wrongfully seized the property and has deprived the defendants of the possession and use of it since July, 1918. It is hardly in a position to insist that the defendants shall take the property so wrongfully withheld in its present condition. At least it may be said that no substantial error was committed in adjudging that the plaintiff shall pay the value of the property which it has wrongfully withheld for so long a time.

Defendant contends that the automobile was likewise exempt and that it should have been awarded to her. She had a subsequent chattel mortgage on the automobile and did not join in the execution of the one given to the plaintiff. It is insisted that the car was used by Jesse Venard as a service car and was necessary in carrying on his garage business. Most of the testimony was to that effect, but in answer to a special question the jury found that while he used the car to some extent in connection with his business, such use as he made of it was not necessary to the proper conduct of his business. As the evidence is presented it would seem that the jury might properly have found that the car was necessary in the conduct of the business of a garage, but it cannot be said that the finding is without any support.

However, there is another reason for upholding the judgment awarding the possession of the automobile to the plaintiff. While Mrs. Venard did not join in executing plaintiff's mortgage, it appears that the money for which the mortgage was given was borrowed to pay for the automobile, and her husband acquired it subject to a lien for the purchase price. The lien preceded and was paramount to any exemption right gained by her.

It is true that the plaintiff did not sell the car to the defendant, but the money was furnished by the plaintiff to purchase it, and the mortgage was given to plaintiff as security for the

purchase money. The mortgage must therefore be regarded as a purchase-money mortgage. It has been said:

"As a general rule, a mortgage given to secure purchase money is none the less a purchase-money mortgage because executed to one who lends the purchase money rather than to the vendor of the property." (23 A. & E. Encycl. of L., 466.)

The purchase of the car and the execution of the security were parts of one transaction and the defendant took the automobile charged with a lien for the purchase money. This lien existed before Mrs. Venard obtained any interest in the property or any right to claim that it was exempt. Her signature was therefore not necessary to the validity of the mortgage. In commenting on the question involved it was said:

"As a matter of theory it may be conceived that the whole title first passes to the mortgagor, and that out of that title he then carves a lien for the benefit of the mortgagee. But in fact there is no instant of time in which he is the absolute owner, in which any right of the wife can attach, or in which the property can be affected with the quality of exemption as against the vendor—in fact, he takes it charged with the lien; the transaction is substantially the same as though the mortgagee in terms conveyed subject to a lien, or reserved the title as security for the payment of the purchase money. The principle is the same as that by which purchase-money real-estate mortgages are given precedence over existing liens." (*Boggs v. Kelly*, 76 Kan. 9, 11, 90 Pac. 765.)

In a later case in which a mortgage upon an automobile was under consideration, it was said:

"The article of the largest value included in the mortgage was an automobile. This was held to be exempt because the plaintiff was a physician, and the automobile was used in carrying on his business. The money secured by the mortgage was borrowed for the purpose of paying for the automobile, and was so used. If the mortgage should be treated as security for the purchase money, the rights of the wife did not attach to that article, and her signature to the mortgage was not necessary. (*Boggs v. Kelly*, 76 Kan. 9.) This principle has been applied to mortgages given to third persons, who furnish the money to purchase the property; where it was so furnished and applied as a part of the same transaction. (1 Jones, Mort., 6th ed., § 472; 6 Cyc. 999, note 69; *Strickland v Minnesota Type-Foundry Co.*, 77 Minn. 210.)" (*Beach v. Fireovid*, 84 Kan. 357, 360, 114 Pac. 206. See, also, to the same effect *Bank v. Shepard*, 105 Kan. 206, 182 Pac. 653.)

The plaintiff was therefore entitled to the possession of the automobile, and it follows that the judgments in both cases must be affirmed.