Tri-State Motor Supply Co. v. Cochran.

No. 26,863.

TRI-STATE MOTOR SUPPLY COMPANY, *Appellee*, v. B. F. COCHRAN
et al., *Appellants*.

SYLLABUS BY THE COURT.

REPLEVIN—*Under Chattel Mortgage—Issues Triable—Judgment*. In replevin
under a chattel mortgage the defendants gave a redelivery bond and an-
swered merely with a counter claim for damages exceeding in amount the
plaintiff's claim. The plaintiff in its reply asked a foreclosure of its mort-
gage and the sale of the property as upon execution. The case was tried
by consent without a jury. The court found the defendants entitled to a
part of the damages they claimed, gave credit therefor on the mortgage
debt, and rendered a personal judgment for the balance, with directions
for the sheriff to sell the property and apply the proceeds thereon. It is
held on appeal by the defendants that their substantial rights were not
prejudiced by the somewhat unusual and perhaps irregular procedure, and
that the judgment should be affirmed.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed
November 6, 1926. Affirmed.

*Edward E. Sapp*, of Galena, for the appellants.

*S. C. Westcott*, of Galena, for the appellee.

The opinion of the court was delivered by

MASON, J.: The defendants executed to the plaintiff four notes
for $500 each, secured by a chattel mortgage on an automobile in
part payment of which they were given. Two of the notes were
paid. The plaintiff brought this action of replevin to recover pos-
session of the automobile under the mortgage. The defendants gave
a redelivery bond and kept possession. They filed an answer and
cross petition which contained no general denial, but set up two
causes of action for damages—one for $2,500 for failure of the
plaintiff to carry out a contract on its part to keep the car in repair
for a stated period, and the other for $450 for loss of the use of the
car while the plaintiff unnecessarily kept possession of it for the pur-
pose of making repairs. The defendants asked judgment for $2,950.
A jury was waived and a trial had. The court allowed the defend-
ants $800 on their cross petition, crediting it on the amount due on
the notes, and rendering a personal judgment in favor of the plaintiff
for $552.21, which was declared to be a lien on the automobile, the

Chattel Mortgages, 11 C. J. p. 699 n. 53. Replevin, 34 Cyc. p. 1517 n. 44.

sheriff being ordered, to sell the car upon execution, the proceeds to be applied first to the payment of costs and the judgment, any surplus to go to the defendants. The judgment also included an order for the defendants to deliver the automobile to the sheriff, and a provision for a deficiency judgment in case it did not sell for enough to pay out. The defendants appeal, contending (1) that inasmuch as by the terms of the mortgage the remedy of the plaintiff on nonpayment was to seize and sell the property upon ten days' notice, it was not entitled to have a sale made as upon execution by the sheriff; and (2) that the judgment in replevin by the terms of the statute can only be for the return of the property or for the value thereof in case a return cannot be had.

Notwithstanding the right of the holder of a chattel mortgage to obtain possession of the property (by replevin if necessary) and sell it himself, he may have a foreclosure and sale under the judgment of a court, at least where for any reason the former remedy is inadequate or less adequate. (11 C. J. 699, 719; 5 R. C. L. 466-468; 2 Cobbey on Chattel Mortgages, § 950.) And the provision of the statute (R. S. 60-1010) that the judgment in replevin shall be in the alternative is for the benefit of the wronged party alone. (*Bank v. Venard*, 109 Kan. 15, 197 Pac. 877.)

By the judgment appealed from the plaintiff got nothing which he could not have obtained regularly and in due form in some kind of action. The amount due it was fully adjudicated, and there was no other matter of dispute. It was entitled to have the automobile sold to apply on the amount, and to hold the defendants for any unpaid balance. The defendants themselves had sought a personal judgment in this action for the amount they claimed as damages, which was larger than that of the notes sued on. The plaintiff in its reply expressly asked that the mortgage be foreclosed and the automobile be sold by the sheriff, the proceeds to apply on its judgment. The tendency of this court has been to expand rather than contract issues triable in replevin. (*Gardner v. Risher*, 35 Kan. 93, 10 Pac. 584.) In view of these considerations we think it clear that the defendants suffered no substantial prejudice from any departure there may have been from the usual and regular procedure, and that there is no occasion for further litigation between the parties.

The judgment is affirmed.