ATWOOD et al. v. NATIONAL PETROLEUM CO. et al. (No. 10199.)

Court of Civil Appeals of Texas. Dallas. May 26, 1928.

Rehearing Denied June 23, 1928.

1. Appeal and error ⊙⟼742(I)—Propositions can neither substitute for omissions in assignments nor enlarge on them, so as to present grounds for reversal not within scope of assignments (rule 30).

Under rule 30, requiring propositions to be germane to one or more of the assignments relied on, propositions can neither substitute for omissions in assignments nor enlarge on them, so as to present grounds for reversal not properly within scope of assignments.

2. Replevin ⊙⟼70, 72—Plaintiffs, suing for possession of property, to recover, must show they owned property, and evidence that defendants did not own it afforded no ground of relief.

In action for possession or for value of oil-refining machinery, plaintiffs, in order to recover, must show they owned property, and fact that evidence did not show that property belonged to company under whom defendants claimed afforded no ground of relief for plaintiffs.

3. Appeal and error ⊙⟼729—General assignment of error to effect that court erred in directing verdict cannot be considered on appeal (rules 24, 25).

General assignment of error to effect that court erred in peremptorily instructing jury to return verdict for appellees, for reason that pleadings and evidence raised issues which were sufficiently controverted to entitle appellants to have jury pass thereon, could not be considered on appeal, under rules 24 and 25.

**4. Evidence ☞413—Evidence tending to contradict by parol terms of written contract held properly excluded.**

In action for possession or for value of oil-refining machinery, to which defendants acquired title through refining company, which took title to property under written contract, testimony of president of refining company to effect that refining company never claimed any interest in or asserted any title to such machinery *held* properly excluded as an attempt to vary or contradict by parol terms of written contract.

Appeal from District Court, Dallas County; Joel. R. Bond, Judge.

Action by W. J. Atwood and others against the National Petroleum Company and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Baylor B. Brown and A. H. Kirby, both of Fort Worth, for appellants.

T. B. Reese, of Dallas, for appellees.

LOONEY, J. Appellants sued for possession, and in the alternative for the value, of certain oil-refining machinery. They claim title through a transfer from C. W. Davis, of Covina, Cal. Davis owned a patent to a process for refining crude oil, and installed in the plant of North Texas Oil & Refining Company, at Greenville, Tex., two units of the machinery equipment used in the refining process.

The contention of appellants was and is that title to the machinery did not pass from Davis to the refining company; that the transaction was not a sale, but a license to use the property on a royalty basis; that the cash paid by the refining company for the installation of the machinery, and its promise to pay, in the future, one-fifth of the net receipts from the operation of the plant, as royalty on the patent, was in fact the consideration paid and promised for the use of the patented process, which included, not only the idea, but the necessary machinery, employed in the process, as well.

Appellees, on the other hand, contended that, under the terms of the written contract between the parties, title to the machinery passed to the refining company, became attached to and formed a part of its refining plant, was included with other improvements, machinery, and fixtures in a mortgage executed by the refining company to secure a certain bond issue of $40,000, and, when the company was adjudged a bankrupt by the United States District Court for the Northern District of Texas at Dallas, title to the machinery, together with other properties included in the mortgage, passed to the trustee in bankruptcy and were sold under orders of court, through which proceedings and sale appellees derived and claimed title to the machinery.

The question thus raised turns on a proper construction of the written contract, between Davis and the refining company, under which the machinery was installed in the latter's plant at Greenville. The case was tried to a jury, verdict was instructed for appllees, and judgment was rendered accordingly, from which appellants prosecute this appeal.

Appellees object to the consideration of appellants' propositions 1 to 9, inclusive, for the reason that same are not germane to or authorized by assignments Nos. 1 and 3, upon which they purport to be based, but, in fact, constitute an enlargement of the assignments and present grounds of error other than those presented below. This contention is, in our opinion, correct. Assignments Nos. 1 and 3 complain of the action of the court in instructing a verdict for appellees, and in rendering judgment in their favor because contrary to law and the evidence, in that the evidence showed that the property sued for never did belong to North Texas Oil & Refining Company, was never claimed by it, and was not intended to be included in the deed of trust under which appellees claim.

It will be observed that nothing in these assignments justify the contention urged in the propositions, to the effect that the contract between Davis and the refining company was not a sale, but a license lease or royalty contract, under which title to the machinery did not pass to or vest in the refining company, but remained in Davis, and that, under his transfer to them, appellants became owners of the machinery and were entitled to recover its possession, or the value thereof. These propositions enlarge upon the scope of the assignments, and present for our consideration errors and grounds for reversal not presented below. The rules require that assignments of error shall distinctly specify the grounds of error relied on, and a ground not thus distinctly set forth, or not specified at all, shall be considered waived unless the error be so fundamental that the court would act upon it without an assignment (rule 24); but the questions we are now considering are not of that nature.

[1] The rules also require that propositions shall be germane to one or more of the assignments relied on. Thus it is apparent that propositions can neither substitute for omissions in assignments, nor enlarge upon same, so as to present grounds for reversal not properly within the scope of the assignments. Rule 30; Garonzik v. Green (Tex. Civ. App.) 275 S. W. 184. The machinery in question was attached to and became a part of the refining plant of the company, was in its possession and under its general control, passed with other properties to the trustee in bankruptcy, was sold under orders of the court, and in this way passed to appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] It may be conceded, as contended by appellants in the assignments referred to, that the evidence did not show that the property sued for belonged to the refining company, under whom appellees claim; but that fact affords no ground of relief for appellants, for, if they are entitled to recover at all, it will be on a showing that they own the property. Hudson v. Willis, 65 Tex. 694, 701; Downtain v. Ray, 31 Tex. Civ. App. 298, 71 S. W. 758; Trott v. Flato (Tex. Civ. App.) 244 S. W. 1085, 1088. For these reasons, propositions 1 to 9, inclusive, urged by appellants, will not be considered.

[3] Appellants' assignment of error No. 2 is as follows:

"The court erred in peremptorily instructing the jury to return a verdict for the appellees in the above entitled and numbered cause, for the reason that the pleadings and evidence raised issues which were sufficiently controverted to entitle the appellants to have the jury pass thereon."

This assignment does not comply with the rules, in that it does not distinctly specify any error, but vaguely, and in terms too general to elicit consideration, seeks to present the error of the court in directing the verdict. Rules 24 and 25.

[4] Appellants also present for our consideration, by assignment No. 4 and related propositions, the alleged error of the court in rejecting, on objection by appellees, the testimony of Mr. F. M. Newton. It was shown that Newton was associated with North Texas Oil & Refining Company during the period of its organization, and, as its president, signed on its behalf the contract under which the refining machinery in controversy was installed in its plant at Greenville. He was asked the following question:

"Now this machinery· and equipment that you have heard Mr. Stevenson testify about as going to make up the Davis process part of the plant, I will ask you to state whether or not the North Texas Oil & Refining Company ever claimed any interest in that machinery and equipment?"

This was objected to for the reason that the contract was the best evidence, and that the inquiry was an attempt to change a written contract by parol evidence. If the witness had been permitted to testify, he would have said that the North Texas Oil & Refining Company never had claimed any interest in, or asserted any claim or title to, any of the machinery or equipment in controversy.

We find no error in this ruling of the court. The written contract between Davis and the refining company was of a dual nature; that is, it related to two subjects: First, Davis agreed at his own cost to install in the plant of the refining company two units of the machinery equipment used in refining crude oil according to the patented process, for which the refining company agreed to pay $25,000 in installments as the work of installation progressed; and, second, after completion it was agreed, on terms and conditions specified in the contract, that Davis should receive one-fifth of the net profits derived from the operation of the plant as royalty on the patent.

We believe the trial court was right in holding as a matter of law that the refining company took title to the property under the terms of the contract. The rejected testimony of Newton, to the effect that the refining company had never claimed any interest in or asserted any title to this machinery, tended to show indirectly that the parties gave the contract a meaning at variance with this idea, and was in effect an attempt to vary or contradict by parol the terms of the written instrument. The authorities are uniform in holding that this cannot be done. Bruner v. Strong, 61 Tex. 555; Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681; Guarantee Life Insurance Co. v. Davidson (Tex. Com. App.) 234 S. W. 883, and authorities there cited.

We, therefore, overrule the assignment and propositions ·under consideration and affirm the judgment of the trial court.

Affirmed.