No. 34,081

THE STATE OF KANSAS, *Appellee*, v. C. C. WINSLOW, *Appellant*.

(95 P. 2d 277)

Opinion filed November 10, 1939.

*C. C. Winslow,* pro se.

*J. S. Parker,* attorney general, and *A. B. Mitchell,* assistant attorney general, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was tried and found guilty of the sale of chattel-mortgaged property of the value of more than $20 with the felonious intent to cheat and defraud the mortgagee. Because of his previous conviction of a felony he was sentenced to the penitentiary for a term of not more than ten years. This was June 20, 1936, on which date his motion for a new trial was overruled, and on this sentence he was committed to the penitentiary. On June 17, 1938, he served and filed his notice of appeal. He never has procured a transcript of the testimony, nor filed an abstract of the record, or a brief, because of his financial inability to pay the cost thereof. For the same reason this court waived the rule requiring a deposit of costs in this court in his case. We are advised that he has been paroled from the penitentiary and permitted to go to Arkansas, where he has employment. He has prepared his own statement of so much of the record of the proceedings in the trial court as he deems necessary to present to this court the question he

desires the court to pass upon. The attorney general has moved that the appeal be dismissed because of the lack of a proper record, or that the judgment of the court be affirmed on the record presented. It is clear that the obviously incomplete record is insufficient to justify this court in attempting to review the case. However, we deem it not improper to pass upon the one legal point which appellant asks the court to rule upon in letters and a manuscript brief he has prepared.

Briefly, the partial record presented tends to show that appellant had located certain cattle which he wanted to buy. He went to the bank, explained the situation, and borrowed $450 to buy these specific cattle. To secure the loan he gave the bank a mortgage on the cattle to be purchased, describing them. Appellant promptly purchased the cattle with the money borrowed, and later sold the property described in the chattel mortgage without the knowledge or consent of the mortgagee, and without making a payment on the mortgage. This transaction formed the basis of the prosecution. His sole point is that the property mortgaged "was not in existence" at the time the mortgage was executed. We construe this contention to mean that appellant was not the owner of the property at the time the mortgage was given. His argument is that the mortgage was absolutely void, from which argument we presume he thinks it follows that he committed no offense when he later sold the property and kept the money. The point is not well taken. The mortgage was valid as between the parties. (*Miller v. Sooy,* 120 Kan. 81, 242 Pac. 140.) It was a purchase-money mortgage and was a valid lien on the cattle as soon as they were purchased. (See *Bank v. Venard,* 109 Kan. 15, 18-19, 197 Pac. 877.) In 14 C. J. S. 627 the rule is stated as follows:

"When a mortgage is given . . . in contemplation of the immediate acquisition of the property, it cannot be said to be a mortgage of after-acquired property."

The judgment of the trial court is affirmed.